## SNYDER's Lessee *against* HOFFMAN.

Wednesday,
March 16th.

**E**JECTMENT for a house and lot in the district of *South-wark*. *John Snyder* the lessor of the plaintiff obtained a judgment against *Peter Hoffman* in this court at *September* term 1798 for 305 dolls. and 58 cts. and costs; and by a *fi. fa.* he took in execution the premises in question. The inquest found that the rents and profits would pay in seven years; and a *libe-rari facias* was then issued, and a return made that the house and lot were delivered at a certain valuation to *Snyder:* At the time of this execution *Eleanor Hoffman* the defendant, who was the wife of *Peter* but had separated from him, claimed and was possessed of the property under a conveyance from *Peter* to one *Hannah Toy;* but this conveyance was alleged to have been without consideration and with intent to defraud *Snyder;* and he therefore brought the present ejectment.

A report of referees may without consent of parties be sent back to the same referees for the purpose of correcting informality.

The matters in variance in this cause were referred under a rule of court; and the referees made the following report: " We " the referees &c. do award a balance of 364 dolls. and 37 cts. "·due from *Peter Hoffman the defendant* to *John Snyder* plain-" tiff, with costs of suit. It is in full proof before the referees " that the said *Peter Hoffman* and *Eleanor* his wife conveyed " a certain house and lot in the district of *Southwark* unto *Han-* " *nah Toy* in fee, without any valuable consideration; which " said house and lot were reconveyed by the said *Hannah Toy* " to *Eleanor* wife of the said *Peter Hoffman* without any con-" sideration as appears to us, thereby intending to prevent the " said house and lot being levied on for the payment of the just

1803.

SNYDER's
Lessee
v.
HOFFMAN.

" debts of the said *Peter Hoffman*, which in equity *we believe* " should be made liable to the judgment that *may be* obtained by " the said *John Snyder on this award*."

To this report several exceptions were filed. 1. That the referees had decided on a matter not submitted to them; viz. the sum due from *Peter Hoffman* to *Snyder*. 2. That the award was not positive, as the referees merely say *they believe* that the premises *should in equity be made liable* to the judgment that *may be* obtained. 3. That the referees report that the premises should be liable to the judgment obtained on *this award;* whereas the question was whether they were liable to a judgment obtained in another suit. 4. That the sum awarded to be due was not the same that was recovered in the suit between *Snyder* and *Peter Hoffman*.

*Hopkinson* in support of the exceptions, after opening the case, was stopped by the court, who desired to hear the opposite counsel.

*Rawle* in support of the award. All the exceptions, but that which relates to the sum awarded, turn upon informality; and as to that exception, the referees have merely added interest to the original judgment; at all events there is no doubt an award may be good in part and bad as to the rest. This court has been astute to support awards where justice has been done, and the real question between the parties decided. They have gone even in the case of verdicts as far as is necessary here, by moulding an informal verdict so as to produce consistency on the record. *Walker* v. *Gibbs*, (*a*) *Thompson* v. *Musser* (*b*). The report is in effect a general finding for the plaintiff. For the only question between the parties was whether the premises in controversy were liable in equity to *Snyder's* judgment against *Hoffman*, and this the referees have substantially said, although they may have added immaterial matter.

*Condy* in reply. There is evidently something more than informality upon the very face of the award. The referees do not find the house and lot of which they speak, to be the same for which the ejectment is brought; they award that the deed *by*

(*a*) 2 *Dall.* 211.                    (*b*) 1 *Dall.* 458.

*Hannah Toy* was intended to defraud, and not that *to* her; they report their *belief*, instead of saying that the fact is or is not so; and instead of awarding that the premises *are* liable, which is the very question in dispute, they express an opinion that in equity they ought to be so. Further, it surely is no informality to award a sum to be due by *Peter Hoffman the defendant*, when he is no party to the suit, when that question was never submitted to the referees, and when it is confessed to be a different sum from that which *Snyder* actually recovered from *Hoffman* in a suit at law. This part of the report exposes the premises to two debts, or certainly to a larger one than was due.

The margin reads: 1803. SNYDER's Lessee *v.* HOFFMAN.

*The Court*, after the argument, being of opinion that the report was merely informal, recommitted it to the same referees to correct the informality; who on the next day reported generally that they found for the plaintiff with six pence damages.

*Condy* and *Hopkinson* now objected to filing the second report, as the court had no authority to recommit without consent of parties. But,

Per CURIAM. In the case of *Eckart's administrators* v. *The executors of Vanderen* there was a recommitment without consent after argument; and for these thirty years such recommitments have been frequent, when the report has been informal.

Judgment for the Plaintiff
on the *second* report.