Tilghman, C. J.
I construe the rule of reference thus,— report to be made to the next term succeeding the entry of the rule. Yet Mr. Ingersoll does not contend that the award is void for that reason. He allows that a report made at a succeeding term is good; that the rule is understood to *be continued, although its terms have not been strictly complied with. That being the case, I consider the whole sitting of the Court, including its adjournment, as one day, although when justice requires it, the Court will discriminate the different days of their sitting. The case of trials at Nisi Prius, where the postea is returned to the Court after the trial, depends upon a different principle from reports of referees. These reports may be returned at any time during the Court’s sitting, and judgment entered as on a trial in banc.
Yeates J.
said that he construed the rule thus, that report was to be made to the next term after it was agreed upon and filed; and therefore that the present report was made to the next December term, and not now before the Court.
Brackenridge J.
My opinion of the principle is this. A rule of reference is a rule of Court, binding upon the referees. They are bound to obey it under pain of contempt. The next term is inserted to avoid delay; and if they will not report to that term, an application may be made for a rule to show cause why an attachment shall not issue against them. I conceive the next term means the term next after the submission. If the award is not made then, it may be made to any term, and to an adjourned Court as part of a term.
The Court therefore proceeded to investigate the exceptions, and after hearing the referees, they were of opinion that the referees had erred in delegating their power to accountants whom they had found it necessary to employ, and in refusing at the instance of one of the parties, to open a matter upon which the accountants had decided.
The report was therefore set aside.
Levy thén moved the Court to refer the report back to the same referees, with instructions to examine and decide upon such items of the account reported, as either party might except to. His motion he said was founded upon the practice of the Court; and upon its authority as a Court of Equity, *444 to prevent the entire loss of so many meetings of the referees, and so much labor of the accountants.
A^rrsoii cited Snyder v. Hoffmann, 1 Binn. 43, and said that the Court never referred an award back to the same referees, without the consent of parties, except to correct informality; and the plaintiff for many reasons declined consenting.
Tilghman C. J.
When there is a mere informality in the report, the Court may send it back without consent. But where, as in the present cáse, the award is set aside in consequence of a material error on the part of the referees, in the manner of conducting the business, consent of both parties is essential to induce the Court to grant such a motion. It is not necessary to say what would be the case, if the referees themselves requested that the report should be recommitted to them. But that is not the present case. On the contrary, one of the referees has expressed an unwillingness to perform the duty in any other manner, than that already practised.
Per Curiam.
Motion refused.
[Cited in 4 W. 65. J