## Kidd *et al. versus* Emmett.

1. An award in ejectment showed a plain mistake in fact in misdescribing the premises; it should have been sent back to the referees by the court below for correction.

2. The court below having entered judgment on the award, the Supreme Court reversed the judgment, that the award might be sent back to the referees for correction.

3. Coleman *v.* Lukens, 3 W. & S. 37, distinguished.

October 14th 1872.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county:* Of October and November Term 1871, No. 120.

This was an action of ejectment brought February 19th 1862, by Andrew Emmett against James Kidd and Samuel Kidd. There was no declaration filed.   The premises were described in the writ as follows: "A piece of land situate in Pine township, Allegheny county, Pa., bounded by lands of the defendants on the west, north and south, and by lands of Hugh Emmett, deceased, on the east, containing sixty-seven acres and one hundred and four perches."

On the 13th of January 1871, the case was referred in open court to three referees; their award to have the effect of one verdict and judgment in ejectment.   They made the following award:—

"We find for the plaintiff, with costs of suit, all the land described in the writ of ejectment, except twelve acres of the north end of the land described in said writ, to be divided from the land found for the plaintiff by a line to be run south three and one-half degrees east across said north end."

The award was filed April 20th 1871.   On the 22d of April the defendants obtained a rule to show cause why the award and judgment should not be set aside.   The rule was discharged June 14th 1871.

The defendants removed the record to the Supreme Court, and assigned for error the entering of judgment on the award, it being void for uncertainty.

*D. T. Watson* (with whom was *Veech*), for plaintiffs in error, cited Hunt *v.* McFarland, 2 Wright 69 ; Smith *v.* Jenks, 10 S. & R. 153 ; Bagley *v.* Wallace, 16 Id. 245 ; Burdick *v.* Norris, 2 Watts 28 ; Borough of Harrisburg *v.* Crangle, 3 W. & S. 460 ; O'Keson *v.* Silverthorn, 7 Id. 246 ; Hagey *v.* Detweiler, 11 Casey 409 ; Smith *v.* Brotherline, 12 P. F. Smith 461.

*A. Blakeley* and *S. A. Purviance* (with whom was *W. S. Purviance*), for defendants in error, as to uncertainty, cited Ewing *v.*

[Kidd v. Emmett.]

Alcorn, 4 Wright 492; Martin v. Martin, 17 S. & R. 431; Tyson v. Passmore, 7 Barr 273; Green v. Watrous, 17 S. & R. 393; Miller v. Casselberry, 11 Wright 376; Clement v. Youngman, 4 Id. 341; Ross v. Barker, 5 Watts 391; Tryon v. Carlin, Id: 371. If the award is indefinite it is amendable: Cambria Iron Co. v. Tomb, 12 Wright 387; Act of March 14th 1872, Pamph. L. 25; 1 Br. Purd. 70, pl. 7.

The opinion of the court was delivered, November 4th 1872, by THOMPSON, C. J. — An error occurs in the award of the referees in this case, which renders the judgment uncertain and in fact incapable of execution. The award says, " We find for the plaintiff with costs of suit, all the lands described in the writ of ejectment except twelve acres of the north end of the land described in said writ, to be divided from the land found for the plaintiff by a line to run S. 3½ deg. E., across the north end."

The land was a parallelogram, lying lengthwise north and south, and it is claimed that a line S. 3½ deg. E. would strike the twelve acres off the west side, instead of the north end. This presents a case of misdescription. It is a plain mistake of fact, and had the court below been made aware of it before entering judgment on the award it would have been their duty to have referred it back to the same referees for such correction as would be necessary to make the award certain and consistent, but that was not done. We are of opinion that this may be done yet, but we must reverse the judgment so as to enable the court to send back the award for correction. The case of Coleman v. Lukens, 3 W. & S. 37, may be thought to be a precedent against this course of proceeding, but that was not a case of plain mistake, but an award contrary to the terms of the submission. To send it back was the equivalent of sending back the entire subject-matter of controversy to be retried. This was not authorized by the 7th section of the Act of the 16th of June 1836. That case is not a precedent applicable to the necessities of this case.

Judgment reversed, and the record is remitted to be proceeded in as above suggested.