## Daniel W. Rank, Plff. in Err., *v.* Joseph Rank.

Under the act of June 16, 1836, §§ 6, 7, it is not necessary in every case where the award of referees appears to be excessive in amount to refer the cause back to them.

Full and complete justice may be done by making an order that unless a portion of the sum awarded be remitted by the plaintiff the award will be set aside.

(Argued February 27, 1888.   Decided April 30, 1888.)

January Term, 1887, No. 206, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.   Error to the Common Pleas of Montour County to review a judgment for the plaintiff in an action of assumpsit, February term, 1885, No. 32.   Affirmed.

The facts are stated in the opinion.

*James Scarlet* for plaintiff in error.

*Edward Sayre Gearhart* for defendant in error.

OPINION BY MR. JUSTICE STERRETT:

This case was referred by the parties in open court under the 6th section of the act of June 16, 1836, which provides as follows:   "In all cases where the parties to any suit shall . . . consent to a rule of court for referring the matters in controversy in such suit to certain persons mutually chosen by them, the award of such referees, if made according to the submission of the parties, being approved of by the court and entered upon the record, shall have the same effect, and shall be deemed and taken to be as available in law as the verdict of a jury; and the party in whose favor such report shall be made, whether plaintiff or defendant, shall have judgment thereon and the like process for the recovery thereof as on a verdict in an action commenced by such party."

The award, in due form, was "in favor of the plaintiff for the

NOTE.—The same determination was made in Reynolds v. Creveling, 177 Pa. 267, 35 Atl. 686, and in Gunn v. Bowers, 126 Pa. 552, 17 Atl. 893.

sum of $319.26." Exceptions, predicated of the erroneous assumption that the reference was under the 3d section of same act, were filed in time; but, being irrelevant and without merit, they were summarily disposed of, and the case might well have ended there. The court, however, as matter of grace, permitted the defendant to file supplementary exceptions and take testimony in support thereof, for the purpose of showing that the award was excessive in amount.

After a careful examination and consideration of the evidence, the learned president of the common pleas came to the conclusion that some of the items included in the award had not been "sustained by legal evidence," and he accordingly declined to approve the award unless plaintiff would consent to reduce the amount thereof to $147.50. By writing filed within the time fixed by the court, plaintiff, "reserving the right to proceed by any other form of action or legal proceedings for the recovery of" the amount involved in the items referred to, consented to accept judgment for said sum of $147.50, and the same was accordingly entered.

The subjects of complaint in the specifications of error are that the court did not refer the cause back to the referees, and that it did not further reduce the amount of the award or vacate it altogether. Such complaints as these come with bad grace from a party who has already received at the hands of the court below more consideration than in strict justice he was entitled to. What was done after his irrelevant exceptions were disposed of was matter of grace, and resulted in quite as full relief as under any circumstances he could be entitled to.

While the 7th section of the act provides that if it shall appear "the referees have made a mistake in fact or law," the court may "refer the cause back to the same referees for such other or further proceedings thereon as shall be expedient," the court is not bound to do so in every case. If, as in the case at bar, the defendant complains, not of any defect apparent on the face of the award, or any irregularity in the proceedings, but that the award against him is excessive in amount, in that it includes certain items that were not established by competent evidence, and appeals to the court for relief, and the same, so far as he is entitled thereto, is granted, what right has he to complain?

It is a mistake to suppose that the court is bound in every case where the award of the referees appears to be excessive in

amount to refer the cause back to them.   Full and complete justice may be done by making an order, as in this case, that unless a portion of the sum awarded be remitted by plaintiff, the award will be set aside, in analogy to the practice of making conditional orders for new trial, etc.

The authorities cited by plaintiff in error do not sustain his position that the court erred in not recommitting the report to the referees.   One of them, Post v. Sweet, 8 Serg. & R. 391, was an award of arbitrators, which being filed in the prothonotary's office had the effect of a judgment, and, on failure of either party to appeal, the same became absolute.

Neither of the other cases (Shaw v. Pearce, 4 Binn. 485, and Kidd v. Emmett, 72 Pa. 150) go so far as to say that when the award is in due form and proceedings regular, upon their face, it is the duty of the court for no other cause than existed in this case, to refer the cause back to the referees.   In the case last cited there was a manifest error on the face of the award which rendered the judgment entered thereon uncertain and incapable of execution, and this court reversed the judgment in order that the court below might recommit the award to the referees for the purpose of correcting that error.

In Sands v. Rolshouse, 3 Pa. St. 456, it is said that mistakes which appear on the face of a report of referees are reviewable in a court of error; but, for the correction of other errors committed by the referees the court below is the proper tribunal.

The record discloses no error of omission or commission, on the part of the court below, of which plaintiff in error has any just reason to complain.

Judgment affirmed.