HENRY JOHNSON & another *vs.* HOLYOKE WATER POWER COMPANY.

In a case referred to three arbitrators, one party, without the knowledge of the other wrote a letter concerning its merits to one of the three, who received it after they had finally decided the case and when nothing remained to be done but the formal drawing up and signing of their award, which required no further meeting or consultation. *Held,* that this afforded no ground for setting aside the award, which was thereupon drawn up, signed and returned in accordance with such previous decision and without the other two arbitrators knowing of the existence of the letter.

CONTRACT by Henry Johnson and Alvin A. Long on an account annexed for lumber sold and delivered by the plaintiffs to the defendants. The answer denied that the plaintiffs delivered the full quantity of lumber which they alleged. The case was referred by a rule of the superior court to three arbitrators, "the report of whom or a majority of whom to be made as soon as may be and judgment thereon to be final;" and at August term 1871 they returned a unanimous award, dated August 22, 1871, that they had met the parties and heard their proofs on the 16th, 17th and 18th of August, and that the plaintiffs were entitled to recover of the defendants $5940.65 and costs. The plaintiffs moved that the award be accepted and confirmed; but the defendants objected to its acceptance, and moved that it be set aside, "because the plaintiff Long tampered or attempted to tamper with one of the referees after the case was submitted and before the referees had closed their deliberations and signed their award;" and the following facts were agreed upon these motions, the court thereupon to "pass such order or orders upon the motion of the plaintiffs, as the law requires:"

On August 23, 1871, William Allen, the chairman of the arbitrators, addressed to the clerk of the superior court a communication covering, "for the inspection of the counsel in the case, and subject to the order of the court," a letter written to him by Long, and making the following statement in respect thereto: "The letter was received by me on Monday evening, the 21st instant. The cases were considered and decided by the referees on Saturday, the 19th instant, but the awards were not drawn up

and signed until Tuesday the 22d instant, when the awards were made out in conformity with the decisions made on Saturday. The existence of this letter was not known to the other referees than myself, before the awards were signed. I leave this statement with you for the use of the parties if they desire it."

Long's letter was dated at Northfield August 20, 1869, [1871?] and addressed to "Mr. Alen," and all but the formal parts thereof were as follows: " I wish to know if I have any hold on Chase for taking a false oath on my case respecting my Book you look your minutes over and write me if I have a hold on Chase I want you and Charles Alen to help me keep your papers safe. but the worst and blackest lie he told was at Newbry in Sawyers house when wee made the trade that was what he wrote in his Book that was awful for any man that holds his position in the world. yours truly. Alvin A. Long. let this letter have no afect on your decision on neather case nor dont let the other two see it I am goin to Boston Mondy on business I see Mr Alen."

It was agreed that the statements in the communication of the chairman of the arbitrators to the clerk were true, and that " the defendants' counsel knew of the existence of Long's letter and read it before the award was opened, and raised no objection to the court at that time, and afterwards consented to the opening of the award and were present when it was opened."

Upon these facts the superior court ordered the acceptance of the award, and the defendants appealed.

*C. Allen & S. O. Lamb*, for the plaintiffs.

*N. A. Leonard & G. Wells*, for the defendants.

GRAY, J.* We have no doubt that any communication made by one party to a submission, without the knowledge of the other, while the arbitrators have the case under consideration, attempting to influence them in his own favor, or to prejudice them against the other party, will avoid the award, if seasonably objected to by the latter; because the court cannot know that it did not affect the minds of the arbitrators, and must protect the inno-

---

* The chief justice did not sit in this case, and it and the case following were submitted upon written arguments in the ensuing vacation.

cent party from the possibility of being injured by the unlawful attempt of the other party. If such an attempt is made before the award is returned or published, it is ordinarily impossible to ascertain that it did not have any effect. But in the present case that difficulty is removed by the agreement of the parties that the statements of the chairman of the arbitrators shall be taken to be true; for by those statements it appears that the letter written by one of the plaintiffs was received by him after the case had been considered and finally decided by the arbitrators, and when nothing remained to be done but the formal drawing up and signing of the award, which required no further meeting or consultation between them; that the award was afterwards drawn up in accordance with such previous decision; and that even the existence of the letter was not known to the other arbitrators before the award was signed. These facts being admitted, there is no ground for apprehension that the irregularity on the part of the plaintiffs may have injured the defendants.

*Judgment, accepting the award, affirmed.*