A. R. HERRING v. THE CUMBERLAND LUMBER COMPANY.

(Filed 28 May, 1912.)

1. Lumber Roads—Timber—Consideration—Contract to Build Railroad—Measure of Damages.

A lumber company having purchased timber at a price less than its value, in consideration of the benefits to be derived by the vendors from a standard-gauge railroad it contracted to build, is liable in damages to the vendors for the difference between the price paid and the actual value of the timber, upon its failure to build the road it had contracted to build.

**2. Same—Illegal Promise—In Pari Delicto.**

A lumber company cannot avail itself of the defense, in an action for damages, that it was prohibited by our statute, Revisal, sec. 2598, from building a standard-gauge railroad, in consideration of which it had obtained the plaintiff's timber at a less price than its actual value; for if the stipulation to construct the road is invalid, the plaintiffs, though they should be *particeps criminis,* are not *in pari delicto.*

**3. Same—Implied Promise to Repay.**

The vendors of timber at a price less than its value, in consideration of the benefits to be derived from the construction of a standard-gauge railroad by a lumber company, which the latter had contracted to build, but were unauthorized by law to do, may recover damages on the promise created by law to repay money of the plaintiff's improperly obtained. *Edwards v. Goldsboro,* 141 N. C., 60, cited and distinguished.

**4. Lumber Roads—Timber—Illegal Consideration—Contract to Build Railroad—Evidence.**

In this case it was alleged that the defendant lumber company obtained deeds to plaintiff's timber for a less price than its value in consideration of an agreement that it would build a standard-gauge railroad, which would be beneficial to the plaintiff: *Held,* evidence of the agreement of defendant to build the railroad was erroneously excluded.

**5. Pleadings—Prayers for Judgment—Relief Granted.**

The facts alleged in the pleadings determine the nature of the relief to be granted, and the form of the prayer for judgment is not material.

**6. Pleadings—Joinder of Actions—Alternate Relief.**

A plaintiff may unite two causes of action relating to the same transaction and have alternate relief, that is, a judgment upon either one or the other of the causes alleged.

HOKE, J., concurs in result.

APPEAL by defendants from *Ward, J.,* at October Term, 1911, of SAMPSON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*George E. Butler for plaintiff.*
*Stevens, Beasley & Weeks for defendant.*

WALKER, J.  This action was brought to recover the amount of a penalty, imposed by a contract between the plaintiff and the Wallace Manufacturing Company, for failure to comply with one of its stipulations.  The question involved arose upon the following facts:

Plaintiff and certain other neighboring landowners agreed to sell the timber on their lands to the said company for a stated price, and defendant agreed to pay the price and also to construct a standard-gauge railroad from Delway to Wallace, and to complete the same for use and transportation on or before 15 March, 1908, and, upon failure to do so, it is provided by the contract that the Wallace Manufacturing Company shall forfeit and pay to the said landowners, as a penalty, an amount equal to 10 per cent of the price paid for the timber, and 2½ per cent on said price for each additional year of its default during the next five years, making 22½ per cent in all if the default should continue as long as five years after 15 March, 1908.  The parties conveyed the timber by deeds to the Wallace Company, coupled with the right to cut timber of a certain fixed dimension, and to build on the land roads, tramroads, and railroads, for the purpose of cutting and removing the timber.  There is a provision in the deed that the trees sold to the company shall not be removed except by the standard-gauge railroad.  The Wallace Company conveyed to the defendant Cumberland Lumber Company "the timber and tree rights, property rights and easements" acquired under the deed of the plaintiff to it.  The standard-gauge railroad has never been constructed, and plaintiff sues to recover the penalty alleged to be due to him by the terms of his deed to the Wallace Company.

The defendants' counsel contend that the building of a standard-gauge road is not within the chartered powers and privileges of the defendants, and that it is also expressly forbidden by Revisal, sec. 2598.  We need not decide whether or not this is a correct position, as we are of the opinion with the plaintiff upon another view of the matter.  It appears in the case that the plaintiff and his neighbors, who joined with him in the agreement to sell their timber to the Wallace Manufacturing Company, one of the defendants, were influenced in fixing the

price of the same by the stipulation of the said company to construct this road, and that they sold the timber at much less than its reasonable worth because of this agreement, believing that if the road was built and put into operation, the benefit or advantage they would derive therefrom would compensate them for the loss of the difference between the price charged by them for the timber and the real value thereof. This being so, it would seem to be very unjust and inequitable that the defendants should repudiate their agreement and rely on its invalidity for the purpose of evading the payment of a reasonable price for the timber; in other words, that they should be allowed to keep the amount of the difference between the price paid for the timber and its true value, and, at the same time, refuse to execute their part of the contract to build the road, even upon the ground that it is *malum prohibitum*. If the stipulation to construct the road is invalid, the plaintiff, if *particeps criminis,* is not *in pari delicto*. He can recover the amount of his loss without declaring upon the alleged illegal stipulation, and relief can be given without enforcing this part of the contract. In such a case the action, it may be said, is not based on the agreement alleged to be illegal or invalid, but on the promise created by law to repay money of the plaintiff improperly obtained. 9 Cyc., p. 547.

The principle governing such cases is well stated in *Lester v. Bank,* 33 Md., 558, 3 Am. Rep. (Anno. Ed., 1912), p. 211: "The rule of law is well settled that no action will lie to enforce a contract *malum in se,* nor, if executed, to recover money paid under it. In all such cases the maxims, '*Ex turpi causa non oritur actio*' and '*In pari delicto portior est conditio defendentis et possidentis*' apply. In regard to contracts not immoral or criminal in themselves, but prohibited by statutory law, the same general rule may be said to apply, not, however, universal in its application, but subject to certain exceptions as binding in authority as the rule itself. Public policy, it must be borne in mind, lies at the basis of the law in regard to illegal contracts, and the rule is adopted, not for the benefit of parties, but of the public. It is evident, therefore, that cases may arise even under contracts of this character, in which the public interest will be

better promoted by granting than by denying relief, and in such the general rule must lead to this policy. Hence, Judge Story admits that, even between parties *'in pari delicto'* relief will sometimes be granted if public policy demands it. 1 Story's Eq. Jur., secs. 298-300. Other cases are to be found arising under contracts made in violation of a statute, in the application to which of the general rule courts have been governed by the plain and obvious purposes of the law; and in such it has been repeatedly held that an action would · lie against a party receiving money under such a contract upon a promise implied by law to refund it. Thus in *Smith v. Bromley,* Doug., 697, note, *Lord Mansfield* said: 'If the act is in itself immoral, or a violation of the general laws of public policy, there the party paying shall not have this action. . . . But there are other laws which are calculated for the protection . of the subject against oppression, extortion, deceit, etc. If such laws are violated, and the defendant takes advantage of the plaintiff's condition or situation, there the plaintiff shall recover.' "

*Lord Mansfield* said, in *Browning v. Morris,* 2 Cowp., 790: "It is very material that the statute itself, by the distinction it makes, has *marked* the *criminal,* for the penalties are all on *one* side—upon the office-keeper."

This view of the case is not in conflict with what was decided in *Edwards v. Goldsboro,* 141 N. C., 60, as in that case there was an illegal agreement which was contrary to public policy, if not *contra bonos mores,* and the action was for the recovery of money actually paid to carry out the illegal transaction, which was not only forbidden by law, but injurious to the public, and the parties were *in pari delicto.* ·

In this case the defendants have acquired the plaintiff's timber at an undervalue, upon a promise which they refuse to perform, and seek to shelter themselves behind its alleged illegality. There is nothing contravening public policy in permitting plaintiff to recover at least what he had lost by not receiving a fair and full price for his property, not exceeding the amount named in the contract. *Bond v. Montgomery,* 56 Ark., 563; *White v. Bank,* 39 Mass. (22 Pick.), 181; 1 Pom. Eq. Jur., sec. 403; *Sykes v. Beadon,* L. R., 11 Ch. Div., 170; 9 Cyc., 546;

Bishop on Contracts, sec. 628 *et seq.*; *Prescott v. Norris,* 32 N. H., 101; *Parkersburg v. Brown,* 106 U. S., 487.

The case of *Morville v. Am. Trust Society,* 123 Mass., 129, is much like the one at bar, and the Court there said: "The money of the plaintiff was taken and is still held by the defendant under an agreement which it is contended it had no power to make, and which, if it had power to make, it has wholly failed on its part to perform. It was money of the plaintiff, now in the possession of the defendant, which in equity and good conscience it ought now to pay over, and which may be recovered in an action for money had and received. The illegality is not that which arises when the contract is in violation of public policy or of sound morals, and under which the law will give no aid to either party. The plaintiff himself is chargeable with no illegal act, and the corporation is the only one at fault in exceeding its corporate powers by making the express contract. The plaintiff is not seeking to enforce that contract, but only to recover his own money and prevent the defendant from unjustly retaining the benefit of its own illegal act. He is doing nothing which must be regarded as a necessary affirmance of an illegal act."

The case of *Jacques v. Golightly* (2 W. Bl., 1073) was an action to recover back money paid for insuring lottery tickets. The defendant kept an office for insurance, contrary to the statute, 14 Geo. III., ch. 76. It was urged that the plaintiff, being *particeps criminis,* and having knowingly transgressed a public law, was not entitled to relief, but the action was sustained by the unanimous opinion of the Court. *Blackstone, J.,* said: "These lottery acts differ from the stock-jobbing act of Geo. II., ch. 8, because there both parties are made criminal and subject to penalties." See, also, *Tracy v. Talmage,* 14 N. Y., 162.

The plaintiff offered to show that the defendants purchased the timber at a greatly reduced price because of the promise to construct the railroad, which evidence the court excluded, and afterwards intimated that the plaintiff could not recover, and compelled him to submit to a nonsuit. We think there was error in both rulings, and a new trial is ordered. There are

facts stated in the complaint sufficient, if established, to author-
ize a judgment, in favor of the plaintiff, for the difference be-
tween what he received for the timber and its true value. The
form of the*prayer for judgment is not material. It is the facts
alleged that determine the nature of the relief to be granted.
*Voorhees v. Porter*, 134 N. C., 597. The plaintiff can unite
two causes of action relating to the same transaction and have
alternative relief, that is, a judgment upon either one or the
other of the causes.

New trial.

HOKE, J., concurs in result.