ACCOUNTS SUPERVISION COMPANY, TRADING AS TIME FINANCE COMPANY, v. WILLIAM M. THOMAS, JR., AND L. GILMER LANIER, DOING BUSINESS AS LANIER MOTORS; WILLIAM WILSON.

(Filed 22 May, 1957.)

**1. Chattel Mortgages and Conditional Sales § 10b—**

   Where the holder of a chattel mortgage introduces in evidence the registered mortgage, a defendant asserting that he had purchased the chattel from the mortgagor prior to the registration of the instrument, has the burden of proving such affirmative defense, and where the evidence is sufficient to support a finding to the effect that his purchase was made subsequent to the registration of the chattel mortgage, nonsuit in claim and delivery for the chattel is erroneously entered.

**2. Actions § 5—**

   Where plaintiff's cause of action is based on facts occurring prior to an illegal agreement, exists independent of such agreement, and the maintenance of the action does not involve an affirmance of an illegal act, such illegal agreement does not impair plaintiff's right to maintain the action.

APPEAL by plaintiff from *Phillips, J.,* at 19 March, 1956 Term of FORSYTH, as Number 387 at Fall Term 1956, carried over to Spring Term 1957.

Civil action to recover on contract for money borrowed, and in claim and delivery of Oldsmobile automobile security therefor, resulting in

judgment as of nonsuit as to defendant Lanier on issue arising on claim and delivery at close of all the evidence.

Plaintiff, a corporation created and existing under the laws of the State of Delaware, engaged in business of lending money on automobiles in Forsyth County, North Carolina, instituted this action on 7 May, 1955, against defendants William M. Thomas, Jr., hereinafter referred to as Thomas, and L. Gilmer Lanier, doing business under the name of Lanier Motors, hereinafter referred to as Lanier, all residents of said county, and to which action William Wilson was made party defendant and later by stipulation removed as a party.

In complaint filed plaintiff alleges substantially the following:

(1) That on or about 4 January, 1955, defendant Thomas became indebted to Time Finance Company in the amount of $2,011.00 for money borrowed, evidenced by written obligation, and secured by his chattel mortgage of even date on a 1954 Oldsmobile Super 88, four-door sedan, Motor No. V-1299, duly recorded on 6 January, 1955, in chattel mortgage Book 529 at page 176, in Forsyth County, the then residence of Thomas, and location of the car at the time of registration.

(2) That there remains an unpaid balance on said indebtedness of $1,811.00 with accrued interest, which Thomas has failed and refused to pay and which is due and owing to plaintiff.

(3) That, as plaintiff is informed and believes and alleges, sometime on or about 6 May, 1955, Lanier disposed of said above described Oldsmobile by delivering possession thereof to William Wilson; that at the time of such change of possession Lanier knew, or should have known of the chattel mortgage above described, and that plaintiff had already, or was about to take steps to recover the car; and that Lanier surrendered possession, or otherwise disposed of physical possession of said car with intention of hampering or otherwise interfering with plaintiff's rights in and to same, and has thereby placed plaintiff in jeopardy of losing its lien, or being unable to effectively enforce same, all to plaintiff's loss.

(4) That the above described car is presently in possession of William Wilson, who obtained same from Lanier, and who has no right, title or interest in or to same superior to the rights of plaintiff herein; and that Wilson knew, or should have known of the existence of said chattel mortgage in favor of plaintiff at time he took possession of said car, and has failed and refused to deliver and surrender possession thereof to plaintiff.

Wherefore, plaintiff prays that it recover of Thomas the sum of $1,811.00, together with interest; that, alternately, it recover of Lanier the sum of $1,811.00, together with interest; that it have the ancillary process of claim and delivery with respect to Wilson; and that the automobile described in the complaint be taken by Sheriff of Forsyth

County and delivered to plaintiff in order that it may be sold for the purpose of foreclosing the chattel mortgage above described, etc.

Defendants Lanier and Wilson, answering, deny in material part all of the allegations of complaint, as set forth above, except they admit that the car is presently in the possession of Wilson, "who purchased it from the defendant Lanier."

And for a further answer for the defense, these answering defendants say:

"1. That on December 30, 1954, . . . Thomas did bargain, sell and convey the 1954 Oldsmobile . . . described in the complaint to . . . Lanier . . . That a bill of sale for said automobile was executed on the 30th day of December, 1954. That at the time the automobile was conveyed to . . . Lanier, no lien or other encumbrance was against said automobile, and . . . Lanier obtained a good and sufficient title to the said automobile. That the defendant did sell and convey the said automobile to the defendant Wilson on or about the 5th day of May, 1955, and did give a good and sufficient title to said car." Wherefore the answering defendants pray that plaintiff recover nothing of them, and that the action be dismissed, etc.

Plaintiff, replying to new matter set forth in defendant's further answer, denies same. And by way of further reply, plaintiff alleges:

I. That defendant Lanier sold the automobile here involved to Thomas on or about 17 November, 1954, and cooperated with the said Thomas in obtaining a North Carolina Certificate of Title No. 3528851A dated 19 November, 1954. At the time Lanier knew that no previous North Carolina title had been obtained for the Oldsmobile. On or about 9 December, 1954, Thomas applied for a new North Carolina Title Certificate, swearing that the "A" title certificate was lost, and at the same time assigned his interest in the Oldsmobile to his wife, Alice Royals Thomas. On 10 December, 1954, North Carolina title 3528851B on the Oldsmobile was issued to Alice Royals Thomas. On or about 4 January, 1955, Thomas after receiving title and possession of the Oldsmobile from his wife, applied for and obtained a loan from plaintiff in the amount of $2,011.00 and duly executed a chattel mortgage as more fully described in the complaint. On the same date Thomas applied for a new certificate of title by sworn application showing a lien in favor of plaintiff in the amount of $2,011.00.

II. That, as plaintiff is informed and believes, and therefore alleges, Lanier dealt with Thomas with respect to said Oldsmobile on the strength of a certain North Carolina Certificate of Title No. 3528851C, dated 29 December, 1954.

III. That plaintiff is informed and believes and, therefore, alleges that on or about 15 January, 1955, Lanier sold Thomas a 1954 Cadillac, the purchase of which was financed through State Finance Company,—

a loan of $3,000.00 to Thomas on said Cadillac, and that the sale of the Oldsmobile, if any, by Thomas to Lanier was made a part of the trade for said Cadillac on or about 15 January, 1955.

IV. That Thomas had possession of said Oldsmobile on 4 January, 1955, at the time he borrowed money from plaintiff, and if he had previously sold said Oldsmobile to Lanier, all of which is denied, the said Lanier is estopped by his conduct in trading with Thomas, and in surrendering possession of said Oldsmobile to Thomas from asserting title therein as against plaintiff, and said estoppel is specifically pleaded as against Lanier and Wilson.

The case on appeal shows that default judgment final was entered against Thomas.

And upon trial in Superior Court the following stipulations were read into the record:

"It is stipulated and agreed between counsel for plaintiff and counsel for defendant Lanier that defendant Thomas borrowed the sum of $2,011.00 on or about the 4th day of January, 1955, from plaintiff; that the sum of $220.00 has been paid on said debt leaving a balance of $1,791.00 presently due and owing; that on or about January 4, 1955, Thomas executed and delivered to plaintiff a chattel mortgage on the Oldsmobile here involved to secure the said loan; that on or about January 6, 1955, the said chattel mortgage was duly probated and recorded in the office of the Register of Deeds of Forsyth County, North Carolina, in Chattel Mortgage Book 529, at page 176," and

"It is hereby agreed and stipulated between the plaintiff and . . . Lanier, and . . . Wilson,

"That whereas . . . Wilson has given possession of the 1954 Oldsmobile automobile, set out in the plaintiff's complaint, back to . . . Lanier, and the said . . . Lanier now having possession of the said automobile, and

"That whereas . . . Lanier agrees to execute a replevin bond in the sum of $4,000.00, payable to the plaintiff, in lieu of the replevin bond heretofore executed by the defendant Wilson

"Now, therefore, it is hereby agreed and stipulated between the plaintiff and the defendants, Lanier and Wilson, that the defendant Wilson be removed from the above entitled action as a party defendant, subject to the approval of the court." The court approved.

The plaintiff introduced in evidence, by consent of both parties, the chattel mortgage from William M. Thomas, Jr., to Time Finance Company of Forsyth County, dated 4 January, 1955, showing date of recordation to be 6 January, 1955. Plaintiff's Exhibit 1.

The plaintiff offered, for identification only, the certification of the N. C. Department of Motor Vehicles to a 17-page record of title in this

affair, it being stipulated by counsel and introduced as separate portions by either counsel at the time. Plaintiff rested.

Thereupon Lanier offered evidence, and plaintiff offered evidence in rebuttal.

Defendant Lanier offered evidence centering around his contention that on 30 December, 1954, he purchased from Thomas the Oldsmobile in question, prior to the date, 4 January, 1955, Thomas executed the chattel mortgage above described and before its registration 6 January, 1955.

In this connection, without narrating in detail the evidence so offered by Lanier, plaintiff, in brief filed here, points to the following portions thereof it contends tend to show that the sale was not completed on 30 December, 1954.

"1. On December 30, 1954, there was an unpaid conditional sales contract on the Oldsmobile owned by State Finance Company and of which defendant had full knowledge (R. pp. 10 and 11).

"2. On December 31, 1954, Lanier called State Finance '. . . because Mr. Thomas owed on the Olds . . .' (R. p. 11)

"3. 'The reason the deal wasn't completed on that date . . .' (R. p. 12).

"4. Lanier didn't get the certificate of title from State Finance until December 31, 1954, and told them '. . . I would settle up with him . . .' (R. p. 12)

"5. Thomas did not have the certificate of title '. . . with him at the time I dealt with him with respect to making a trade for the Cadillac.' (R. p. 15)

"6. Jones, manager of State Finance, in speaking of the telephone call which Lanier placed on December 31, 1954 (R. p. 12) stated: 'Mr. Lanier said at that time that he was trying to trade automobiles with Thomas; he had not traded at that time.' (R. pp. 19, 20)

"7. The conditional sales contract owned by State Finance was not paid off until January 15, 1955. (R. pp. 21, 22)

"8. The assignment of title was not made until January 15, 1955. (Defendant's Ex. 2. Reverse Block A).

"9. Defendant's wife, acting as his employee and as notary public, took an assignment of title and bill of sale on January 15, 1955, from Thomas in these words '. . . the undersigned hereby sells, assigns or transfers the vehicle . . .' to Lanier. (Defendant's Ex. 2).

"10. Thereafter, Lanier relied upon the January 15, 1955, assignment: 'In dealing with this car in the future, after I had obtained it from Mr. Thomas, I dealt upon the strength of this title.' (R. p. 17)."

Other evidence offered by Lanier pertinent to questions of law presented will be set forth in course of the opinion.

At the close of all the evidence the plaintiff renewed its motion for judgment on the evidence. Denied—plaintiff excepted.

At the close of all the evidence Lanier demurred to the evidence and moved for dismissal as to him. Motion allowed. Plaintiff excepted.

Thereupon the court entered judgment on 20 March, 1956, in which after reciting among other things that the parties "by stipulation, agreed that the defendant Wilson no longer had possession of the vehicle involved, but had delivered the same into the possession of defendant Lanier, who in turn agreed to file a substitute bond in replevy . . . and . . . further agreed that the defendant Wilson be removed as a party defendant, and . . . agreed in open court that the sole remaining issues involved concerned the right of possession of said vehicle, estoppel, and what amount of damages, if any, were due for detention and deterioration" . . . "ordered, adjudged and decreed that: 1. The defendant Wilson be and he is hereby removed as party defendant. 2. That the demurrer to the evidence by defendant Lanier be and it is hereby sustained, and that the defendant Lanier recover of the plaintiff the costs to be taxed by the clerk."

Plaintiff excepted thereto, and appeals to Supreme Court and assigns error.

*Deal, Hutchins & Minor for Plaintiff Appellant.*
*Robert M. Bryant for Defendant Appellee.*

WINBORNE, C. J. In the light of the stipulation of the parties as to issues involved in this case, this is the pivotal question on this appeal: Plaintiff, having offered in evidence the recorded chattel mortgage on the automobile in question, and defendant Lanier having set up affirmative defense of a sale of the automobile to him prior to registration of the chattel mortgage, is the evidence offered upon the trial in Superior Court, taken in the light most favorable to plaintiff, of sufficient probative force to take the case to the jury on the issue as to right of possession of the automobile?

Under such circumstances, defendant Lanier had the burden of going forward with the evidence and of proving the affirmative defense set up by him. And the evidence offered, as pointed out in brief of plaintiff appellant as hereinabove recited, is sufficient to support a negative finding by the jury as to such affirmative defense. Hence in granting nonsuit there is error.

So holding, further discussion now of the evidence and the law arising thereon, in this respect, seems unnecessary.

Moreover, if the jury should find from the evidence, and by its greater weight, that defendant Lanier had not purchased the automobile in

question from Thomas, as he alleges, the issue of estoppel by conduct would not arise.

Hence elaboration on the law relating to subject of estoppel *in pais* is not now deemed to be expedient. For statement of principle see *Hawkins v. Finance Corp.,* 238 N.C. 174, 77 S.E. 2d 669, and cases cited.

Lastly, the case on appeal reveals an alleged illegal agreement, which is not the basis of the present action. This action was instituted 7 May, 1955, and the agreement bears date 30 January, 1956. Thus it is patent that plaintiff is not here seeking to enforce it. Plaintiff is doing nothing which must be regarded as a necessary affirmance of an illegal act. See *Herring v. Lumber Co.,* 159 N.C. 382, 74 S.E. 1011.

Indeed, in 12 Am. Jur. 719, Contracts 211, the author declares that "An illegal agreement made by a plaintiff will not defeat him unless his cause of action is founded upon, or arises out of, such agreement. His right to recover upon a ground .of action that exists independently of the agreement is not affected thereby." Such is the case in hand. Therefore this Court holds that the agreement does not impair plaintiff's right to maintain this action.

For error in granting nonsuit, the judgment pursuant thereto is

Reversed.